## LEWIS v. CHAIN INV. CO.
### No. 7959.

Court of Civil Appeals of Texas. Austin.
Jan. 31, 1934.

Kerr & Gayer, of San Angelo, for appellant.

Upton & Upton and Travis E. Baker, all of San Angelo, for appellee.

McCLENDON, Chief Justice.

Suit by appellee upon a promissory note executed by appellant in favor of Luckie Bros., and to foreclose a chattel mortgage lien upon an automobile securing the note.

Appellant, among other defenses, including a general denial, pleaded in substance that in the execution of the note and chattel mortgage he was accommodation maker for one Riggs, who owned the automobile, and whose was the obligation represented by the note; that these facts were known to appellee; that appellee had taken possession of the automobile, informing Riggs at the time that it was doing so at the instance of appellant and in satisfaction of the debt against the automobile; that appellant offered to pay the note upon surrender to him of the automobile, which appellee refused to do. These facts were pleaded as an estoppel on appellee's part to recover against appellant on the note.

While somewhat inartfully drawn, the pleading, we think, fairly alleges the foregoing facts.

The trial court sustained a general demurrer to the answer and special exceptions which were in effect general demurrers to the various specially pleaded defenses; and, upon appellant's declining to amend, rendered judgment against appellant for the amount of the note and foreclosing the chattel mortgage.

We think the facts pleaded present two complete defenses to the note.

1. Acceptance of the automobile from Riggs in full satisfaction of the debt would have that effect by virtue of the express agreement.

2. The accommodation maker of a note is, upon paying it, entitled to have the collateral, pledged for its payment, surrendered to him (50 C. J. p. 237, § 384); and refusal to so surrender it upon tender of payment would in effect amount to a conversion of the collateral, which would bar recovery upon the note, at least to the extent of the value of the pledge.

While the point is not raised, we direct attention to the fact that the value of the automobile was not pleaded and does not otherwise appear in the record. It is quite generally held that in a suit of this character this is a jurisdictional fact that must affirmatively appear of record. See 11 Tex. Jur. p. 743 et seq.

The trial court's judgment is reversed, and the cause remanded.

Reversed and remanded.